IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

*In re*

WASHINGTON MUTUAL, INC.[1]

    Debtor.

---

ESOPUS CREEK VALUE LP and
MICHAEL WILLINGHAM,

    Plaintiffs

v.

WASHINGTON MUTUAL, INC.,

    Defendant

---

Chapter 11

Case No. 08-12229 (MFW)

Jointly Administered

Adv. Pro. No. 10-51297 (MFW)

## NOTICE OF DEPOSITION OF ESOPUS CREEK VALUE LP PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TO:**

Steven K. Kortanek
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
222 Delaware Avenue
Wilmington, DE 19801

    PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this matter by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Washington Mutual, Inc. will take the deposition upon oral examination of a witness or witnesses to be designated by Esopus Creek Value LP ("Esopus"), who are competent to testify with respect to the matters set forth in the attached Exhibit A, commencing

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

at 10:00 a.m. on August 30, 2010, at the offices of Richards, Layton & Finger, P.A., One Rodney Square, Wilmington, Delaware (or at such time and place as may be agreed upon by the parties). Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Esopus is required to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf regarding the matters set forth in the attached Exhibit A.

The deposition(s) will be conducted under oath by an officer authorized to take such testimony, will be recorded by videotape and/or stenographic means, and will continue from day to day until completed or adjourned. You are invited to attend and cross-examine.

Dated: July 20, 2010
Wilmington, Delaware

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
Chun I. Jang (No. 4790)
Tyler D. Semmelman (No. 5386)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-- and --

Marcia L. Goldstein
Brian S. Rosen
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Washington Mutual, Inc.*

# EXHIBIT A

## Definitions

1. The term "WMI" means Washington Mutual, Inc.

2. The term "Equity Committee" means the Official Committee of Equity Security Holders of WMI appointed by the United States Trustee in the above-captioned Chapter 11 case and includes each and every member of the Equity Committee (including Esopus Creek Value, LLC, Dorthea Barr, Kenneth I. Feldman, Tyson Matthews, Joyce M. Presnall, Saul Sutton, and Michael Willingham), each individual represented by a member of the Equity Committee (if any), and the entity (or entities, as the case may be) that he, she, or it represents on the Equity Committee.

3. The term "Debtors" means WMI and WMI Investment Corp.

4. The term "Court" means the United States Bankruptcy Court for the District of Delaware.

5. The term "Plan" means the Joint Plan of Affiliated Debtors filed by Debtors in the above-captioned Chapter 11 case.

6. The term "Agreement" means the settlement agreement by and among, inter alia, Debtors, JPMorgan Chase, N.A., and the Federal Deposit Insurance Corp. announced to the Court on March 12, 2010.

7. The term "Action" means the case filed by Michael Willingham and Esopus Creek Value LP on April 26, 2010, in the Superior Court of the State of Washington, for the County of Thurston (Case No. 10-2-00854-1), subsequently removed on May 13, 2010, to the Western District of Washington Bankruptcy Court (Adversary Proceeding No. 10-04136), and

subsequently transferred on June 23, 2010, to this Court (Adversary Proceeding No. 10-51297 (MFW)).

8. The term "Equity Committee Adversary Proceeding" means the adversary proceeding filed in the Court on March 3, 2010, by the Equity Committee captioned <u>Official Committee of Equity Security Holders v. Washington Mutual, Inc.</u> (Adversary Proceeding No. 10-50731 (MFW)).

9. The term "Counterclaim" means WMI's counterclaim set forth in WMI's Answer and Counterclaim to Plaintiff's Complaint filed in the Court in the Equity Committee Adversary Proceeding on April 7, 2010.

10. The terms "you" and "your" mean Esopus Creek Value LP and all persons acting on its behalf.

### Topics for Examination

1. Debtors' Chapter 11 cases.

2. The Action, the Equity Committee Adversary Proceeding, and the Counterclaim.

3. All documents and communications that refer or relate to WMI.

4. Your ownership of WMI securities.

5. The projected value of your WMI shares under the Plan and Agreement.

6. The treatment of holders of WMI common and preferred equity under the Plan and Agreement.

7. Any valuation, appraisal, or other similar analysis of WMI securities or any of the Debtors' assets, including causes of action for the WMI estate's benefit.

8. Any public statements that you have made concerning Debtors, their Chapter 11 cases, the Plan, the Agreement, the Action, the Equity Committee Adversary Proceeding, and/or the Counterclaim.

9. When you first learned of a possible settlement of any litigation among Debtors, JPMorgan Chase, N.A., and the Federal Deposit Insurance Corp.

10. Whether WMI preferred shareholders are entitled to vote, as a group, for WMI directors and whether WMI common shareholders are entitled to vote, as a group, for WMI directors.

11. The Plan, your opposition or support for the Plan, and the bases for your opposition or support for the Plan.

12. The Agreement, your opposition or support for the Agreement, and the bases for your opposition or support for the Agreement.

13. The projected expenses that each of (i) WMI (ii) Esopus Creek Value LP, and (iii) Esopus Creek Value, LLC would incur if a WMI annual shareholders meeting were convened and held and each of these entities waged a proxy contest for the election of WMI directors at such a meeting.

14. The candidates for director that you intend to nominate for WMI's board of directors if an annual meeting of WMI shareholders were convened and held and the position that those candidates would take with respect to the Plan and Agreement.

15. WMI preferred and common security holders' ability to nominate or elect a majority of WMI's board of directors

16. All communications between or among you and one or more members of the Equity Committee.

17. Any agreement between you and Michael Willingham concerning Debtors and the above-captioned chapter 11 cases and adversary proceeding.

18. The replacement of advisors to or management of Debtors.

19. The subject matter of each of the requests contained in WMI's First Request for the Production of Documents Directed to Michael Willingham and Esopus Creek Value LP and your responses thereto, including the bases for those responses.

20. The existence, location, organization, and contents of all documents and information produced by you in response to WMI's First Request for the Production of Documents Directed to Michael Willingham and Esopus Creek Value LP.

21. All facts relating to your search for documents and information produced by you in response to WMI's First Request for the Production of Documents Directed to Michael Willingham and Esopus Creek Value LP.

22. Your document retention policy and/or your efforts (a) to preserve and not to destroy or delete documents potentially relevant to the claims asserted in the Action, the Equity Committee Adversary Proceeding, Counterclaim, or Debtors' chapter 11 cases and/or (b) to generate, maintain and preserve electronic data or backup tapes for electronically stored information.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of July 2010, he caused a copy of the foregoing **Notice of Deposition of Esopus Creek Value LP Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure** to be served on counsel of record in this proceeding as follows:

| **Via Hand Delivery** | **Via First-Class Mail** |
|---|---|
| Steven K. Kortanek<br>WOMBLE CARLYLE SANDRIDGE & RICE, PLLC<br>222 Delaware Avenue<br>Wilmington, Delaware 19801 | Bert W. Markovich<br>Colin Folawn<br>SCHWABE, WILLIAMSON & WYATT, P.C.<br>1420 Fifth Avenue, Suite 3400<br>Seattle, Washington 98101 |
| William P. Bowden<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899 | Fred S. Hodara<br>Robert A. Johnson<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036 |
| David B. Stratton<br>John H. Schanne, II<br>Evelyn J. Meltzer<br>PEPPER HAMILTON LLP<br>Hercules Plaza, Suite 1500<br>1313 Market Street<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709 | Parker C. Folse, III<br>Edgar Sargent<br>Justin A. Nelson<br>SUSMAN GODFREY, L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, Washington 98101 |
| Joseph McMahon<br>OFFICE OF THE U.S. TRUSTEE FOR THE DISTRICT OF DELAWARE<br>844 N. King Street<br>Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801 | Stephen D. Susman<br>SUSMAN GODFREY, L.L.P.<br>654 Madison Avenue, 5th Floor<br>New York, New York 10065 |

_____
Tyler D. Semmelman (No. 5386)