# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re                                          : Chapter 11
                                               :
WASHINGTON MUTUAL, INC., *et al.*,[1]          : Case No. 08-12229 (MFW)
                                               :
                        Debtors.               : Jointly Administered
---------------------------------------------------------------X
MICHAEL WILLINGHAM and ESOPUS                  :
CREEK VALUE LP,                                : Adv. Proc. No. 10-51297 (MFW)
                                               :
                        Plaintiffs,            :
v.                                             :
                                               :
WASHINGTON MUTUAL INC., a                      :
Washington corporation,                        :
                                               :
                        Defendant.             :
---------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR ORDER (I) GRANTING INTERVENTION, AND (II) CONSOLIDATING ADVERSARY PROCEEDINGS

The Official Committee of Equity Security Holders (the "Equity Committee"), by and through its undersigned counsel, hereby moves (the "Motion") (i) to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding") as a party plaintiff, pursuant to 11 U.S.C. § 1109(b) and Rule 24(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure, and (ii) to consolidate this Adversary Proceeding, pursuant to Federal Rule of Civil Procedure 42(a), made applicable to this Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure 7042, with another adversary proceeding currently pending before this Court, captioned *Official*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Washington Mutual, Inc. (3725) and WMI Investment Corp. (5396). The Debtors' principal offices are located at 1301 Second Avenue, Seattle,

*Committee of Equity Security Holders v. Washington Mutual, Inc., et al.*, Adv. Proc. No. 10-50731 (MFW) (the "Equity Committee Adversary Proceeding"), which involves common questions of law and fact and in which identical relief is sought. In support thereof, the Equity Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceedings pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are 11 U.S.C. § 1109 and Rules 24 and 42(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding pursuant to Rules 7024 and 7042 of the Federal Rules of Bankruptcy Procedure.

3. Federal Rule of Civil Procedure 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out forth the claim or defense for which intervention is sought." Attached hereto as Exhibit A is a copy of the Equity Committee Complaint (as defined herein), which, as set forth in greater detail below, seeks the same relief as that sought in this Adversary Proceeding – an order compelling debtor Washington Mutual, Inc. ("WMI" or "Debtor") to immediately hold an annual shareholders' meeting.

## RELIEF REQUESTED

4. By this Motion, the Equity Committee respectfully requests that the Court enter an order authorizing the Equity Committee to intervene in the Adversary Proceeding. As a statutory fiduciary representative of all equity security holders and a party in interest under 11 U.S.C. § 1109(b), the Equity Committee has an absolute right to intervene in any adversary

---

Washington 98101.

proceeding in connection with these Chapter 11 cases. 11 U.S.C. § 1109(b); Fed. R. Civ. P. 24(a)(1); *In re Marin Motor Oil, Inc.*, 689 F.2d 445, 454 (3d Cir. 1982), *cert. denied*, 459 U.S. 1206 (1983). The outcome of this Adversary Proceeding, seeking to compel a shareholders meeting, will have a significant impact on these Chapter 11 cases. The Equity Committee's intervention in this Adversary Proceeding is necessary to allow the Equity Committee to exercise its fiduciary duties to assert and protect equity security holders' interests, and the Equity Committee's intervention will cause no prejudice or delay.

5. By this Motion, the Equity Committee further requests that the Court enter an order consolidating this Adversary Proceeding with the Equity Committee Adversary Proceeding. On March 3, 2010, the Equity Committee filed its complaint in the Equity Committee Adversary Proceeding, which is a similar action seeking virtually identical relief. These two cases involve common questions of law and fact and seek the same relief, and should be consolidated pursuant to Federal Rule of Civil Procedure 42(a) to promote judicial economy and to avoid the otherwise certain duplication of effort and expense by all parties to these adversary proceedings.

## BACKGROUND

6. On September 26, 2008, WMI and one of its affiliates (collectively, the "Debtors") filed cases under title 11, chapter 11, of the United States Code (the "Bankruptcy Code") in this Court.

7. On March 3, 2010 the Equity Committee filed its complaint (the "Equity Committee Complaint") commencing the Equity Committee Adversary Proceeding, seeking an order pursuant to Federal Rule of Bankruptcy Procedure 7001 and Revised Code of Washington ("RCW") 23B.07.030 and 23B.07.010 to compel WMI to immediately hold an annual

shareholders' meeting. *See* Equity Committee Adversary Proceeding Docket No. 1 at ¶2.

8.  On March 11, 2010, the Equity Committee moved for summary judgment, or alternatively, for relief from the stay. *See* Equity Committee Adversary Docket Nos. 3, 4.

9.  Following a hearing to consider solely the issue of applicability of the automatic stay, this Court entered an Order on April 26, 2010 finding that the automatic stay was "inapplicable to an action by any one or more shareholders of WMI, including, without limitation, members of the Equity Committee, in state courts of the State of Washington seeking to compel WMI to hold an annual shareholders meeting." *See* Equity Committee Adversary Proceeding Docket No. 20 at 2, ¶1.

10. On April 26, 2010, plaintiffs Michael Willingham and Esopus Creek Value LP ("Plaintiffs") filed an action in the Superior Court of the State of Washington for the County of Thurston, in a case captioned *Michael Willingham and Esopus Creek Value LP v. Washington Mutual Inc.*, Case No. 10-2-00854-1 (the "State Court Action"), seeking the same relief as that sought in the Equity Committee Complaint.[2] The State Court Action was later removed to the United States Bankruptcy Court for the Western District of Washington at Tacoma on May 13, 2010,[3] initiating an adversary proceeding captioned *Esopus Creek Value LP and Michael Willingham v. Washington Mutual, Inc.*, Adv. No. 10-04136 (PBS) (the "Washington Adversary"). The case was subsequently transferred to this Court by Order dated June 21, 2010,[4] initiating this Adversary Proceeding.

---

[2] *See Complaint to Compel Shareholders Meeting*, Docket No. 5. Plaintiffs later filed a first amended complaint on May 4, 2010 at Docket No. 7.

[3] *See Notice of Removal*, Adv. Docket No. 1.

[4] *See Order on Defendant's Motion to Transfer Stay, or Dismiss the Instant Action and on Plaintiffs' Motion to Remand, or in the Alternative Transfer for Hearing on Remand*, Adv.

11. This procedural history has resulted in two adversary proceedings, seeking identical relief based on the same set of facts, pending before this Court.

## BASIS FOR RELIEF REQUESTED

### A. The Equity Committee May Intervene as a Matter of Right

12. The Equity Committee has an absolute right to intervene in the Adversary Proceeding pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure and section 1109(b) of the Bankruptcy Code. Rule 24(a)(1) of the Federal Rules of Civil Procedure, incorporated into the Bankruptcy Code by Rule 7024, states that "[o]n timely motion, the court must permit anyone to intervene who: is given an unconditional right to intervene by a federal statute ..." Here, the statute granting this "unconditional right" to the Equity Committee is 11 U.S.C. § 1109(b). This section provides:

> A party in interest, including the debtor, the trustee, a creditors' committee, *an equity security holders' committee*, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b) (emphasis added).

13. After reviewing the language above, the Court of Appeals for the Third Circuit has twice held that section 1109(b) of the Bankruptcy Code grants creditors' committees an absolute right to intervene in all adversary proceedings related to the bankruptcy case. *See Marin*, 689 F.2d at 450-53; *Phar-Mor Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1238-41 (3d Cir. 1994).

14. "Nothing in the language of § 1109(b) contravenes its otherwise plain meaning: namely, that parties in interest, including equity security holders, have an unfettered right to be heard on any issue in a chapter 11 case." *In re SFD @ Hollywood, LLC*, 11 B.R. 453, 455

---

Docket No. 40.

(Bankr. S.D. Fla. 2009) (noting a "party of interest" under section 1109(b) is any person with a direct financial stake in the outcome of the case and an equity shareholder obviously has such a direct financial stake). As the Equity Committee is a party expressly included in the language of section 1109(b), it has an unfettered right to be heard on any issue in a chapter 11 case.

15. Upon consideration of section 1109(b)'s language and legislative history, the *Marin* panel also concluded that the term "case" was expansive enough to include all adversary proceedings associated with the underlying bankruptcy proceeding. *See Marin*, 689 F.2d at 450-53; *see also In re Allegheny Int'l Inc.*, 107 B.R. 518, 523-24 (W.D. Pa. 1989); *In re Hanover Indus. Mach. Co.*, 61 B.R. 551, 554 (E.D. Pa. 1986). In *Marin*, a bankruptcy court denied a creditors' committee's motion to intervene in an adversary proceeding, and on appeal, the trustee argued that the creditors' committee did not have a right to intervene in the case below because the word "case" in § 1109(b) did not include an adversary proceeding. The Court of Appeals for the Third Circuit rejected the trustee's narrow reading of the term "case" and noted that the very language of § 1109(b) grants a right to be heard not only in "a case" but also "on any issue in a case." 689 F.2d at 451.

16. The Third Circuit further noted in *Marin* that "[i]t is unlikely that Congress would have used such sweeping language if it had not meant 'case' to be a broadly inclusive term" and "Congress' failure specifically to mention adversary proceedings in section 1109(b) is hardly surprising, given that Congress did not specifically mention adversary proceedings anywhere in the Bankruptcy Code." *Id.; see also Term Loan Holder Committee v. Ozer Group, LLC (In re Caldor Corp.)*, 303 F.3d 161, 176 (2d Cir. 2002) (holding that parties in interest possess an "unconditional right to intervene" in adversary proceedings under section 1109(b) and Fed. R. Civ. P. 24(a)(1)).

17. The Court of Appeals for the Third Circuit has further emphasized the practical implications of denying intervention as follows:

> The broad and absolute construction of section 1109(b) comports with the usual expectations of parties in interest that they will have a right to be heard, as parties in interest, by the parties adjudicating their interests. The expectation has its roots in notions of due process and fair play.... We are especially reluctant to adopt the extremely restrained interpretation of section 1109(b) proposed by [the trustee] when to do so would frustrate this expectation of participation.

689 F.2d at 457.

18. The Court of Appeals for the Third Circuit further explained this rationale in *Phar-Mor*, adding that "interests of efficiency and fair play underlie section 1109(b), and the driving force behind the *Marin* decision was the belief that allowing intervention into adversary proceedings would best serve those interests." *Phar-Mor*, 22 F.3d at 1240 (relying on *Marin* in holding that § 1109(b) allows intervention into non-core, "related to" proceedings pending in federal district court).

19. Thus, under the plain meaning of the statutory language and applicable Third Circuit law, the Equity Committee has a clear right to intervene in this Adversary Proceeding pursuant to Federal Rule of Civil Procedure 24(a)(1) and § 1109(b) of the Bankruptcy Code. Accordingly, the Court should grant this portion of the relief sought by the Equity Committee in the Motion.

### B. Consolidation of Adversary Proceedings

20. This Adversary Proceeding should be consolidated with the Equity Committee Adversary Proceeding pursuant to Federal Rule of Civil Procedure 42(a). Federal Rule of Civil Procedure 42(a) provides that, where actions before the Court involve a common question of law or fact, the Court may —

(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Federal Rules of Civil Procedure 42(a) is made applicable to adversary proceedings pursuant to Bankruptcy Rule 7042.

21. The consolidation of these two adversary proceedings into a single proceeding under the Adversary Proceeding will promote judicial efficiency and reduce the Court's caseload by permitting the same set of facts, depositions, exhibits, and live witness testimony to be presented only once in support of both proceedings rather than twice. *See, e.g., In re The Appliance Store, Inc.*, 171 B.R. 525, 528 (Bankr. W.D. Pa. 1994) (holding that judicial economy is best served by consolidated proceedings that are based on virtually the same facts and seeking similar relief) . WMI made this same argument in support of its motion, *Defendant Washington Mutual Inc.'s Motion to Transfer, Stay, or Dismiss the Instant Action* [Adv. Docket No. 11] (the "Motion to Transfer"), which was filed in the Washington Adversary on May 14, 2010. As noted by WMI: "Indeed transferring the instant action to the Delaware District Court would allow the case to be referred to Judge Walrath, who is already familiar with the issues in this case, and consolidated with the [Equity Committee] Adversary Proceeding." *Id.* at 11.[5]

22. The consolidation of these two adversary proceedings will also reduce unnecessary costs for both WMI and the Equity Committee by requiring the parties to address these issues only once. Indeed, saving time and streamlining efforts are two key factors courts have long cited in support of consolidation. *See Mut. Life Ins. Co. v. Hillman*, 145 U.S. 285, 286

---

[5] As the Debtor further added in support of its Motion to Transfer: "[T]ransferring the instant action to the Delaware District Court (which has jurisdiction over Plaintiffs and WMI and could enforce judgment against WMI) would allow the instant action *to be consolidated with the [Equity Committee's] adversary proceeding."* See Motion to Transfer at 3 (emphasis added).

(1892); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495-97 (11th Cir. 1985).

23. Moreover, this Adversary Proceeding and the Equity Committee Adversary Proceeding involve overwhelmingly common questions of law and fact. In the Equity Committee Adversary Proceeding, the Equity Committee seeks to compel a meeting of shareholders; plaintiffs in this Adversary Proceeding seek the same relief here. Indeed, Plaintiffs in this Adversary Proceeding are 2 of the 7 members of the Official Committee of Equity Security Holders appointed in the Chapter 11 cases. Whether this relief can be granted by the Court will turn on the very same set of facts and legal issues.

24. Consolidation of these two adversary proceedings will undoubtedly achieve the goals of judicial economy, conservation of costs, and the avoidance of duplication of effort. As noted by WMI in support of its Motion to Dismiss filed in the Washington Adversary, "[i]t would be highly inefficient for WMI to simultaneously litigate the same two cases at the same time ..."[6] Accordingly, the Equity Committee's request to consolidate these two proceedings should be granted.

## NOTICE

25. Notice of this Motion has been provided to (i) the United State Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) all parties that have entered an appearance in either the Adversary Proceeding or the Equity Committee Adversary Proceeding. In light of the nature of the relief requested herein, the Equity Committee submits that no other or further notice need be provided.

---

[6] *See* Motion to Transfer at 2 (noting also, in support of WMI's Motion to Transfer, "the efficient administration of WMI's estate strongly supports transferring the instant action to the Delaware District Court.")

## NO PRIOR REQUEST

26. No previous request for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Equity Committee respectfully requests that the Court enter an order granting the relief requested herein and awarding such other and further relief that the Court deems just and proper.

Dated: August 3, 2010
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Stacy L. Newman*

William P. Bowden (DE Bar No. 2553)
Gregory A. Taylor (DE Bar No. 4008)
Amanda M. Winfree (DE Bar No. 4615)
Stacy L. Newman (DE Bar No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile : (302) 654-2067
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
awinfree@ashby-geddes.com
snewman@ashby-geddes.com

-and-

**SUSMAN GODFREY, L.L.P.**
Stephen D. Susman (NY Bar No. 3041712)
Seth D. Ard (NY Bar No. 4773982)
654 Madison Avenue, 5th Floor
New York, NY 10065
ssusman@susmangodfrey.com
sard@susmangodfrey.com

Parker C. Folse, III (WA Bar No. 24895)
Edgar Sargent (WA Bar No. 28283)
Justin A. Nelson (WA Bar No. 31864)
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
pfolse@susmangodfrey.com
esargent@susmangodfrey.com
jnelson@susmangodfrey.com

*Co-Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc. et al.*