THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
In re:                                                     : Chapter 11
                                                           :
WASHINGTON MUTUAL, INC., et al.,                           : Case No. 08-12229 (MFW)
                                                           :
                    Debtors.                               : Jointly Administered
                                                           :
_____                :
                                                           :
WILLINGHAM et al.,                                         : Adv. Proc. No. 10-51297 (MFW)
                                                           :
                    Plaintiff,                             :
                                                           :
        v.                                                 : **Requested Objection Deadline: October 20, 2010**
                                                           : **at 12:00 p.m.**
WASHINGTON MUTUAL, INC. et al.,                            :
                                                           : **Requested Hearing Date: October 22, 2010 at 10:00**
                    Defendant.                             : **10:00 a.m.**
---------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INTERVENTION OF THE WASHINGTON MUTUAL, INC. NOTEHOLDERS GROUP

The Washington Mutual, Inc. Noteholders Group (the "WMI Noteholders"), by and through its undersigned counsel, hereby moves to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding") as a party in interest, pursuant to 11 U.S.C. §1109(b) and Rule 24 of the Federal Rules of Civil Procedure, made applicable herein by Rule 7024 of the Federal Rules of Bankruptcy Procedure.

### PRELIMINARY STATEMENT

1.      The WMI Noteholders seek to exercise their right as creditors of Washington Mutual, Inc. ("WMI," and collectively with WMI Investment Corp., the "Debtors") to intervene in the Adversary Proceeding, in which the Official Committee of Equity Security Holders of

Washington Mutual, Inc. (the "Equity Committee") seeks to compel WMI to hold a shareholders' meeting.

2. Through the Adversary Proceeding, the Equity Committee seeks to compel a shareholders' meeting for the purpose of electing a new slate of directors that would serve as an instrumentality of out-of-the-money shareholders and would scrap the heavily-negotiated plan of reorganization that the Debtors have presented to the Bankruptcy Court. The WMI Noteholders are senior creditors representing the principal economic stakeholders in these chapter 11 cases, holding in the aggregate approximately $2.3 billion in face amount of outstanding debt securities issued by WMI. As such, the WMI Noteholders are a party in interest under 11 U.S.C. § 1109(b) and have a right to be heard with respect to the relief sought by the Equity Committee. Out of an abundance of caution, and to avoid any unnecessary delay, the WMI Noteholders seek to intervene in the Adversary Proceeding in order to preserve their right to be heard with respect to the Adversary Proceeding and the Equity Committee's attempt to compel a shareholders' meeting.[1]

3. The outcome of the Adversary Proceeding will have a significant impact on the ultimate recoveries available to the WMI Noteholders. Specifically, allowing the relief sought by the Equity Committee in the Adversary Proceeding will almost certainly forfeit any chance for an expeditious resolution of these cases and will likely leave the cases at an effective standstill, mired in years of protracted litigation and uncertain recoveries. The WMI Noteholders thus seek to intervene in the Adversary Proceeding to protect their interests and respond to the threat of an out-of-the-money constituency hijacking these chapter 11 cases. Further, the WMI

---

[1] The WMI Noteholders also seek to intervene to avoid any further dispute regarding their right to obtain discovery from the Equity Committee in connection with the relief sought in the Adversary Proceeding. To date, the Equity Committee has refused to provide the WMI Noteholders with requested discovery related to the Adversary Proceeding.

2

Noteholders have filed a motion to convert the Debtors' chapter 11 cases to chapter 7 or, in the alternative, to appoint a trustee to administer the Debtors' estates (the "Motion to Convert"), Case No. 08-12229 (MFW) [Docket No. 3651].[2] As explained in the Motion to Convert, if the Equity Committee successfully installs a new slate of directors, the WMI Noteholders believe that these cases should be converted to chapter 7 proceedings or the Court should appoint a trustee to administer the estates. See Motion to Convert at ¶6. In this regard, the outcome of the Adversary Proceeding could have a significant impact on relief the WMI Noteholders seek in these proceedings.

4. Because the WMI Noteholders have an absolute right to intervene in the Adversary Proceeding, the WMI Noteholders respectfully request that the Court enter an order granting the relief requested herein. In the alternative, the WMI Noteholders request that the Court exercise its discretion and grant intervention under the permissive standards of Rule 24(b) of the Federal Rules of Civil Procedure (the "Federal Rules").

## JURISDICTION

5. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The predicates for the relief requested herein are 11 U.S.C. § 1109 and Rule 24 of the Federal Rules, made applicable to this Adversary Proceeding pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[2] The Equity Committee has filed a response to the Motion to Convert opposing the relief sought therein. See Response of the Official Committee of Equity Security Holders to the Motion of the Washington Mutual, Inc. Noteholders Group for an Order Under 11 U.S.C. § 1112(b) Converting the Debtors' Cases to Chapter 7 or, in the Alternative, for an Order Under 11 U.S.C. § 1104(a) Appointing a Trustee to Administer the Debtors' Estates, Case No. 08-12229 (MFW) [Docket No. 4396].

7. Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, the WMI Noteholders seek to intervene with regard to the following pleadings: (i) the Complaint filed by the Official Committee of Equity Security Holders Against Washington Mutual, Inc., et al., Adv. Proc. No. 10-50731 (MFW) [Docket No. 1]; (ii) the Debtor's Answer and Counterclaim to Plaintiff's Complaint, Adv. Proc. No. 10-50731 (MFW) [Docket No. 8].

## PROCEDURAL BACKGROUND

8. On September 26, 2008, the Debtors filed cases under title 11, chapter 11 of the United States Code (the "Bankruptcy Code") in this Court.

9. On March 3, 2010 the Equity Committee commenced an adversary proceeding by filing a Complaint seeking an order to compel WMI to hold an annual shareholders' meeting. See Complaint by Official Committee of Equity Security Holders Against Washington Mutual, Inc., et al., Adv. Proc. No. 10-50731 (MFW) [Docket No. 1]. Following a hearing to consider solely the issue of applicability of the automatic stay, this Court entered an Order on April 26, 2010, finding that the automatic stay was "inapplicable to an action by any one or more shareholders of WMI, including, without limitation, members of the Equity Committee, in state courts of the State of Washington seeking to compel WMI to hold an annual shareholders meeting." See Order Regarding the Official Committee of Equity Security Holders' Motion for Summary Judgment, or in the Alternative, for Relief from the Automatic Stay, Adv. Proc. No. 10-50731 (MFW) [Docket No. 20] at 2.

10. On April 26, 2010, plaintiffs Michael Willingham and Esopus Creek Value LP ("Plaintiffs") filed an action in the Superior Court of the State of Washington for the County of Thurston, in a case captioned Michael Willingham and Esopus Creek Value LP v. Washington Mutual Inc., Case No. 10-2-00854-1 (the "State Court Action"), seeking the same relief as that

4

sought in the adversary proceeding previously commenced by the Equity Committee (Adv. Proc. No. 10-50731 (MFW)). On May 5, 2010, Plaintiffs in the State Court Action filed a motion for an order to compel a shareholders' meeting (the "Motion to Compel"). The State Court Action was removed to the United States Bankruptcy Court for the Western District of Washington at Tacoma on May 13, 2010 initiating an adversary proceeding captioned <u>Esopus Creek Value LP and Michael Willingham v. Washington Mutual, Inc.</u>, Adv. Proc. No. 10-04136 (PBS) (the "Washington Adversary Proceeding"). The Washington Adversary Proceeding was subsequently transferred to this Court by Order dated June 21, 2010. See Order on Defendant's Motion to Transfer, Stay, or Dismiss the Instant Action and on Plaintiffs' Motion to Remand, or in the Alternative Transfer for Hearing on Remand by Michael Willingham and Esopus Creek Value LP Against Washington Mutual, Inc., Adv. Proc. No. 10-51297 [Docket No. 1].

11. On August 3, 2010 the Equity Committee filed the Motion of the Official Committee of Equity Holders for an Order (i) Granting Intervention, and (ii) Consolidating the Adversary Proceedings ("Equity Committee Motion to Intervene") in Adv. Proc. No. 10-51297 (MFW) [Docket No. 10]. On August 23, 2010, this Court granted the motion to intervene and consolidated the cases. See Order Granting the Motion of the Official Committee of Equity Security Holders for Order (i) Granting Intervention, and (ii) Consolidating Adversary Proceedings into Adv. Proc. No. 10-51297 (MFW) [Docket No. 13].

## ARGUMENT

### II. The WMI Noteholders May Intervene as a Matter of Right

12. As a party in interest under section 1109(b) of the Bankruptcy Code, the WMI Noteholders have an absolute right to intervene pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure. Rule 24(a)(1) of the Federal Rules, incorporated by Rule 7024 of the

5

Bankruptcy Rules, states that: "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute[.]" Section 1109 of the Bankruptcy Code provides that parties in interest have an absolute right to be heard, stating:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

13. As the Court has previously ruled during these proceedings, "there is an absolute right to intervene . . . . 1109 gives [creditors] the right to appear and be heard on any matter in the case. The Third Circuit has held that that includes adversaries." See 8/24/09 Tr. 138:24-139:7 (granting motion of Bank Bondholders to intervene in Adv. Proc. No. 09-50934 (MFW) and Adv. Proc. No. 09-50551 (MFW)); see also In re Marin Motor Oil, Inc, 689 F.2d 445 (3d Cir. 1982), cert denied, 459 U.S. 1206 (1983); Phar-Mor Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1238-41 (3d Cir. 1994). Indeed, the Equity Committee itself, in seeking to intervene in the Washington Adversary Proceeding, cited these cases as well as others for the proposition that any party in interest has the right to intervene in an adversary proceeding associated with the underlying bankruptcy proceeding. See Equity Committee Motion to Intervene, Adv. Proc. No. 51297 (MFW) [Docket No. 10] at ¶¶15-18.

14. A "party in interest" under section 1109(b) is any party with a direct financial stake in the outcome of the case. See, e.g., In re SFD @ Hollywood, LLC, 411 B.R. 453, 455 (Bankr. S.D. Fla. 2009). The WMI Noteholders, as senior creditors of WMI, undoubtedly have a direct financial stake in the outcome of the Adversary Proceeding and accordingly should be granted the absolute right to be heard.

15. As this Court has recognized, the Third Circuit has further established that a "case" under section 1109(b) includes adversary proceedings. See 8/24/09 Tr. 138:24-139:7. In

Marin, a chapter 11 trustee objected to a creditors' committee's motion to intervene in an adversary proceeding on the grounds that a "case" under section 1109 did not include adversary proceedings. The Third Circuit explicitly rejected this reading of "case" under section 1109(b), holding that the term not only extended the right of a party in interest to be heard in an adversary proceeding, but to "any issue in a case." 689 F.2d at 451. In Phar-Mor, the Third Circuit reiterated that the application of section 1109(b) was broad with respect to intervention. 22 F.3d at 1240 (creditors' committee granted right to intervene in an adversary proceeding under section 1109(b) even where the case was merely "related to" the main bankruptcy case).

16.     Finally, the Third Circuit has held that intervention must be granted where, as here, it will minimize the need for extensive judicial oversight, speed the debtor's successful reorganization, and allow creditors to protect against the compromise of their interests. Id. at 1240.

### III.    In the Alternative, the Court Should Grant the WMI Noteholders Intervention Under Rule 24(a)(2) or Rule 24(b)

17.     In the alternative, even if the WMI Noteholders were not entitled to intervene as of right under Rule 24(a)(1) (which they are), the Court should allow the WMI Noteholders to intervene under Rule 24(a)(2) or Rule 24(b).

18.     The Third Circuit has interpreted Rule 24(a)(2) to require four elements from the applicant seeking intervention: (i) a timely application for leave to intervene; (ii) a sufficient interest in the litigation; (iii) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (iv) inadequate representation of the prospective intervenor's interest by existing parties to the litigation. See, e.g., U.S. v. State St. Bank and Trust Co., 2002 WL 417013, *3 (Bankr. D. Del. 2002); Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 161-62 (3d Cir. 1995). Each of these elements is met here.

19. First, the WMI Noteholders' motion to intervene is timely as it comes less than two months after the Court granted the motion of the Equity Committee seeking to intervene and to consolidate the Adversary Proceedings. Second, the WMI Noteholders are senior creditors holding in the aggregate approximately $2.3 billion in face amount of outstanding debt securities issued by WMI, and therefore have a direct and substantial interest in the outcome of the Adversary Proceeding. Third, as described above, there is a real threat that the Equity Committee's attempt to compel a shareholders' meeting will adversely affect the WMI Noteholders' ultimate recoveries in these chapter 11 cases. Fourth, the WMI Noteholders represent senior creditors of WMI, and as such stand in a different position than WMI as a fiduciary of the estates representing the interests of different creditors. As such, WMI does not necessarily represent the specific interests of the WMI Noteholders and is not an adequate substitute for the WMI Noteholders in the Adversary Proceeding.

20. Alternatively, Rule 24(b) provides that the court may permit anyone to intervene who (a) is given a conditional right to intervene by a federal statute, or (b) has a claim or defense that shares with the main action a common question of law or fact. The requirements for such permissive intervention are met here, where the WMI Noteholders will have claims and defenses in connection with the relief sought in the Adversary Proceeding that are similar to the claims and defenses raised by WMI.

## NOTICE

21. Notice of this Motion has been provided to (i) the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Equity Security Holders; (iv) counsel to the Official Committee of Unsecured Creditors; and (v) all parties that have entered an appearance in the Adversary Proceeding. In light of the nature of the relief requested

herein, the WMI Noteholders submit that no other or further notice need be provided.

## NO PRIOR REQUEST

22. No prior request for the relief requested herein has been made to this or any other court.

## CONCLUSION

23. For the foregoing reasons, the WMI Noteholders respectfully request that the Court enter an order granting the WMI Noteholders' request to intervene in the Adversary Proceeding and granting the WMI Noteholders such other and further relief as the Court deems just and proper.

Dated: October 12, 2010
Wilmington, Delaware

FOX ROTHSCHILD LLP

_/s/ Jeffrey M. Schlerf_

Jeffrey M. Schlerf, Esq. (No. 3047)
Eric M. Sutty, Esq. (No. 4007)
John H. Strock, Esq. (No. 4965)
Citizens Bank Center
919 North Market Street, Suite 1600
Wilmington Delaware 19801
Telephone: (302) 654-7444

-and-

WHITE & CASE LLP
Thomas E Lauria
Gerard H. Uzzi
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Of Counsel:
KASOWITZ BENSON TORRES & FRIEDMAN LLP
David S. Rosner
Paul M. O'Connor III
Adam L. Shiff
Seth A. Moskowitz
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

Attorneys for the Washington Mutual, Inc. Noteholders Group